UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　Case No. 02-CR-606 (FB)
JULIUS R. NASSO,
　　　　　　　　Defendant.
------------------------------------------------------------x

*Appearances:*

| *For the Defendant:* | *For the United States of America:* |
|---|---|
| ROBERT J. HANTMAN | ROSLYNN R. MAUSKOPF |
| Hartman & Associates | United States Attorney for the Eastern |
| Attorneys at Law | District of New York |
| 432 Park Avenue South, Second Floor | BY: KATYA JESTIN, ESQ. |
| New York, NY 10016 | 147 Pierrepont Street |
| | Brooklyn, NY 11201 |

**BLOCK, District Judge:**

      On February 17, 2004, the Court sentenced defendant Julius Nasso ("Nasso") to a twelve month and one day term of imprisonment. Claiming he has rendered substantial assistance, Nasso moves to compel the government to file a motion pursuant to Fed R. Crim. P. 35 to reduce his sentence or, in the alternative, an evidentiary hearing on his entitlement to a sentence reduction. In a supplemental motion, Nasso requests that the Court order the Bureau of Prisons ("BOP") to correct Nasso's custody classification. For the reasons set forth below, Nasso's motions are denied.

**1. Rule 35 Motion**

      Nasso contends that he gave substantial assistance to the government in prosecuting Anthony Pellicano ("Pellicano") in the Central District of California because

1

he provided information obtained by his hired investigator, which was included in an affidavit for a search warrant of Pellicano's business and eventually led to Pellicano's indictment and subsequent guilty plea. The government argues that the information provided was either not corroborated or essential to a finding of probable cause to issue the warrant. Nasso does not allege that the government promised that, or even discussed whether, Nasso would be given credit for any information provided.

Rule 35(b)(1) provides that "[u]pon the government's motion made within one year of sentencing, the [C]ourt may reduce a sentence if . . . the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person . . . ." The decision to file such a motion lies within the sole discretion of the government unless the government's refusal to file such a motion is motivated by a constitutionally impermissible reason such as race or religion, or "the prosecutor's refusal to move was not rationally related to any legitimate Government end." *United States v. Wade*, 504 U.S. 181, 185-86 (1991) ("[W]e hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive"). Moreover, "a defendant has no right to discovery or an evidentiary hearing unless he makes a *substantial threshold* showing." *Id.* at 186 (emphasis added).

Nasso offers no evidence beyond his assertions that he offered substantial assistance and that the government's refusal was not related to any legitimate government purpose. "[A] claim that a defendant merely provided substantial assistance will not

entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. . . . [A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." *Id.* at 186 (internal citations omitted). "The Government's decision not to move may have been based not on a failure to acknowledge or appreciate [Nasso's] help, but simply on its rational assessment of the cost and benefit that would flow from moving." *Id.* at 187.

## 2. Custody Classification

Nasso argues that he was incorrectly confined to a low-to-medium correctional facility as a result of a clerical mistake by the BOP.[1] The Court agrees with the government that Nasso's administrative remedies have not been exhausted: Nasso filed this motion, not even two weeks after he filed a request for an administrative remedy with the BOP. *See United States v. Pineyro*, 112 F.3d 43, 45-46 (2d Cir. 1997) (prisoner's challenging the decisions that lie within the BOP's zone of authority must first exhaust administrative remedies); *Garcia-Cruz v. United States*, 270 F. Supp. 2d 353, 354 (S.D.N.Y. 2003) ("[Objection to the BOP's computation of the time individual must serve] should be raised with the [BOP] through the procedures it provides, and, if [prisoner] remains unsatisfied with the result after exhausting BOP remedies, through a petition pursuant to 28 U.S.C. § 2241 in the district where he is incarcerated.").

---

[1] The Court notes that Nasso filed two additional submissions on his own behalf, contending that the Court has jurisdiction pursuant to, *inter alia*, 5 U.S.C. § 552a(g)(1). A claim pursuant to section 552a(g)(1), which provides a civil remedy for incorrectly maintained agency records, is not properly before the Court as part of this criminal action.

Nonetheless, Nasso argues that requiring him to exhaust his administrative remedies would be futile because his term of imprisonment expires in seven months. Because Nasso's request for an administrative remedy has only been pending for a few weeks, there is no basis to so conclude. Even assuming *arguendo* that the doctrine of futility applies, Nasso's motion is without merit. Although the BOP may consider the recommendation of the sentencing judge, the BOP - not the sentencing court – determines a defendant's place of confinement. *See* 18 U.S.C. § 3621(b). Moreover, prisoners generally have "no liberty interest in any particular classification." *United States v. Harmon*, 999 F. Supp. 467, 469-70 (W.D.N.Y. 1998) (refusing to direct the BOP to lower a prisoner's custody classification). *See also Lile v. Simmons*, 143 F. Supp. 2d 1267, 1273 (D. Kan. 2001) ("A liberty interest in custody classification . . . may only arise if state law or prison regulations create such a right. Even if state law creates such a right, however, it does not create a liberty interest protected by the due process clause unless restraint of that right results in a hardship that is both atypical and significant when compared to ordinary prison life.") (internal citations and quotations omitted).

      **SO ORDERED.**

_____
**FREDERIC BLOCK**
**United States District Judge**

Brooklyn, New York
November 16, 2004